UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

BRADLEY BARTON, TDCJ # 1680744, §
§
Plaintiff §
§
§ Civil Action
v. § No. SA-18-CA-119-OG
§
D. BUCKNER, ET AL., §
§
Defendants §

# MEMORANDUM DECISION

Before the Court are Plaintiff Bradley Barton's Amended 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 6) and Defendant Calvin Page's Motion for Summary Judgment Limited to Exhaustion of Administrative Remedies (Entry # 16).

## I.

When he filed his Complaint, Barton was in the custody of the Texas Department of Criminal Justice (TDCJ) Connally Unit where he was assigned to administrative segregation. Barton's Complaint alleged that he was a former Blood gang-member, and gang-members at the Connally Unit threatened his life for leaving the gang. Barton requested transfer to another unit for his safety, however the TDCJ State Classification Committee (SCC) denied him transfer because Barton was in administrative segregation and no longer in the general population. Barton sued the SCC claiming his current classification and assignment to the Connally Unit was cruel and unusual in violation of his Eighth Amendment rights. Barton also alleged the Connally Unit failed to accommodate his Muslim dietary needs or let him attend Muslim services in violation of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq*. Barton sues Connally Unit Senior Chaplain Calvin Page, Senior Warden Ronald Givens, TDCJ Executive

Director Brian Collier, and the SCC seeking damages and injunctive relief ordering him transferred to a different unit.

## II.

A case becomes moot "'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980). Under the RLUIPA the only relief available is injunctive or declaratory relief. *See Sossamon v. State of Texas*, 560 F.3d 316, 329-31 (5th Cir. 2009). The record shows Barton has since been transferred to the TDCJ Estelle Unit in Huntsville, Texas (*see* Entry # 23), and thus his claims under the RLUIPA and for injunctive relief generally are moot.

In *Coleman v. Lincoln Parish Detention Center*, 858 F.3d 307 (5th Cir. 2017), the Fifth Circuit dismissed comparable religious claims explaining as follows:

> By the time [plaintiff] filed his original complaint, he had been transferred from the Lincoln Detention Center ("LPDC") to the Jefferson Parish Detention Center. That transfer mooted his claims for declaratory and injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the possibility of his transfer back to the LPDC is too speculative to warrant relief. In addition, RLUIPA does not authorize a private cause of action for compensatory or punitive damages against the appellees in their individual or official capacities.
>
> As for [plaintiff's] claim that his right to exercise his religion freely under the First Amendment was violated because he was not allowed to attend Jumu'ah prayer services, he has failed to allege any details regarding the circumstances of the denial of Jumu'ah prayer services (e.g., the regulation or policy) that would allow a court to evaluate the claims besides the bare allegations that he was not able to attend. Thus, the district court did not err in dismissing that claim.

(footnotes omitted). Barton's transfer renders his RLUIPA claims concerning conditions at the Connally Unit moot. *Id.*

Barton has not sought relief under the First Amendment, however his religious claims are vague and conclusory and fail to present facts that would show his diet or denying him access to prayer services while at the Connally Unit violated his First Amendment rights. *See id.*

Moreover, Barton's claim his classification and assignment to the Connally Unit violates his Eighth Amendment rights entitling him to injunctive relief and a transfer is also moot, because the injunctive relief he sought is no longer available. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (plaintiff's transfer rendered declaratory and injunctive relief moot).

### III.

The only claim that is not moot is Barton's claim for damages relating to his Eighth Amendment claim that his prior custody at the Connally Unit was cruel and unusual. However this claim shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a non-frivolous civil rights claim.

Sections 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) require this Court to screen an IFP or prisoner's complaint, and dismiss the complaint if the court determines it is frivolous or malicious or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A complaint is legally frivolous when it is based on an indisputably meritless legal theory. *Id.* To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

Under the Eighth Amendment, a prison official may be liable for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm, and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Negligence is not a basis for a civil rights action under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury. *O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974). Furthermore, 42 U.S.C. § 1997e(e) states "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."

The documents annexed to Barton's Complaint show that following previous altercations, the Connally Unit authorities assigned Barton to administrative segregation where he had an individual cell and was escorted by officers when he left his cell. Barton's concern for his safety was by his own account merely speculative. *See Twombly*, 550 U.S. at 555 (speculative allegations not sufficient to present a claim). Barton failed to show the TDCJ authorities were deliberately indifferent to a substantial risk of serious harm; he merely disagreed with the SCC's risk assessment and the measures taken to protect him. Moreover, Barton has not alleged he suffered any injury after

his transfer to administrative segregation at the Connally Unit. The facts presented by Barton fail to present any basis for an Eighth Amendment claim.

Furthermore, Barton has no due process claim. A prisoner's classification and housing assignment are committed to the discretion of the prison authorities and therefore prison authority's classification decisions are not subject to due process challenges. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (*citing Sandin v. Conner*, 515 U.S. 472, 483-87, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)).

## IV.

Defendant Page moves for summary judgment contending the record shows Barton failed to exhaust his administrative remedies as required by 28 U.S.C. § 1997e(a), and therefore Barton's claims should be dismissed.

A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c) where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "'genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When presented with a motion for summary judgment, a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F. 3d 693, 696 (5th Cir. 1999) ("[a prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat

... summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F. 3d 319, 324 (5th Cir. 1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F. 2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Section 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion regardless of the relief sought as long as the grievance tribunal has authority to take some responsive action. *Booth v. Churner*, 531 U.S. 731, 740-41, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Section 1997e(a)'s "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). To exhaust administrative remedies, prisoners must properly exhaust their institutional administrative remedies in conformance with those procedures adopted by the particular institution before bringing suit. *Woodford v. Ngo*, 548 U.S. 81, 93-95, 126 S. Ct. 2382, 165 L. Ed. 2d 368 (2006). The plain language of the statute requires

exhaustion of administrative remedies before bringing suit. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

TDCJ has adopted a two-step grievance procedure. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Pursuant to this procedure, a prisoner may file a step-1 grievance within fifteen days of the incident complained of to be addressed by the warden. If the grievance is denied, the prisoner may appeal to step-2 which is addressed by the TDCJ regional grievance director.

Defendant filed copies of Barton's grievances submitted from January 1, 2016 to May 29, 2018 which show Barton did not file a step-2 grievance regarding his religious claims before bringing suit, and he failed to receive a response to his step-2 grievance regarding his Eighth Amendment classification claim until after filing suit, and thus he failed to exhaust his administrative remedies before filing suit.

In response to Defendant's Summary Judgment Motion, Barton contends he attempted to exhaust his remedies relating to his religious claims by submitting a step-2 that was never filed by the TDCJ authorities. Barton fails to present facts in support of this allegation, such as when it was submitted, how it was submitted, what issues it raised, etc. Barton also fails to submit a copy of the step-2 he purportedly submitted. Conclusory allegations of this sort are not sufficient to present a material issue of fact sufficient to overcome summary judgment.

Barton also contends his religious claims were exhausted as of May 30, 2018. However this was after the filing of his Amended Complaint, filed March 22, 2018, raising the religious issues, and thus he failed to exhaust his administrative remedies before seeking civil rights relief.

Defendant's evidence shows Barton failed to exhaust administrative remedies before bringing suit, and thus Barton's claims shall be dismissed for failure to exhaust administrative remedies as required by § 1997e(a).

V.

Accordingly, Plaintiff Barton's claims under the Religious Land Use and Institutionalized Persons Act and his claims for declaratory and injunctive relief generally are **DISMISSED WITHOUT PREJUDICE** as moot; Barton's Eighth Amendment claim for damages challenging his classification is **DISMISSED WITH PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a non-frivolous claim; and, in addition or the alternative, Defendant Page's Motion for Summary Judgment Limited to Exhaustion of Administrative Remedies (Entry # 16) is **GRANTED**, and Barton's § 1983 Complaint is **DISMISSED** for failure to exhaust administrative remedies. All other pending motions are **DENIED** as moot.

DATED: Nov 20, 2018

_____
**ORLANDO L. GARCIA**
**Chief United States District Judge**